UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ZONTA ELLISON,

                              Petitioner,

          v.                                                9:23-CV-0556
                                                                  (GLS)
DAVID CHRISTENSEN, Warden of FCI
Ray Brook,

                              Respondent.
_____

APPEARANCES:                                             OF COUNSEL:

ZONTA ELLISON
Petitioner pro se
27066-058
Butner Federal Medical Center
Inmate Mail/Parcels
P.O. Box 1600
Butner, NC 27509

HON. CARLA B. FREEDMAN                   EMER M. STACK
United States Attorney for the                    Assistant U.S. Attorney
Northern District of New York
100 S Clinton St
Suite 9000
Syracuse, NY 13261

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

**I.**     **INTRODUCTION**

     Petitioner Zonta Ellison seeks federal habeas corpus relief pursuant to 28 U.S.C.

§ 2241. Dkt. No. 1, Petition ("Pet.").[1] Respondent filed an opposition. Dkt. No. 9, Response

---

[1] For the sake of clarity, citations to parties' submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

to Petitioner for Writ of Habeas Corpus ("Resp."); Dkt. No. 9-1 Declaration of Cheryl Magnusson ("Magnusson Decl."); Dkt. Nos. 9-2–9-4, Supporting Exhibits for Magnusson Declaration. Petitioner filed a reply. Dkt. No. 12, Traverse ("Trav.").

For the reasons below, the Petition is dismissed and denied in its entirety.

## II.   RELEVANT BACKGROUND

In January 2013, petitioner was convicted on three counts of possession of cocaine base in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C) in the Western District of North Carolina. *See United States v. Ellison*, No. 3:11-cr-00404, Dkt. 51, Judgment (W.D.N.C. Feb. 6, 2014). Petitioner received a 262-month term of imprisonment. *Id.*

In October 2019, a disciplinary committee at FCI Fort Dix charged petitioner with possession of a cellphone in violation of Federal Bureau of Prisons (BOP) Code 108. Pet. at 2, 6; Trav. at 2. As a result, petitioner faced sanctions under Incident Report No. 3313503 ("Incident Report") including, among other things, transfer from FCI Fort Dix — a low security institution — to FCI Ray Brook — a medium security institution; his security classification changing from "Low" to "Medium"; his custody classification score increasing from 12 to 15; a loss of 41 days of good conduct time; and a temporary loss of visiting privileges. Pet at 2; Trav. at 2-4.

## III.   THE PETITION

Petitioner seeks habeas corpus relief on the grounds that BOP violated his due process rights during the disciplinary hearing following the Incident Report. Pet. at 2, 6. Specifically, petitioner requests reinstatement of his good time credits, expungement of the Incident Report from his disciplinary record, restoration of his security classification to "Low,"

restoration of his custody classification score to 12, and transfer to a "Low" security prison. *Id.* at 7.

Respondent opposes the Petition, arguing that it is moot as BOP already expunged the Incident Report from petitioner's record, restored petitioner's good time credit, and returned petitioner's security classification to "Low." Resp. at 4-6; Magnusson Decl. at 4-6; *compare* Dkt. 9-2 at 2, *with* Dkt 9-3 at 2 (showing that the Incident Report was struck from petitioner's disciplinary record as of August 14, 2023).

Petitioner replied, arguing that the Petition is not moot as he is still entitled to a transfer back to a "Low" security prison and the restoration of his custody classification score to 12. Trav. at 2, 4.

## IV. DISCUSSION

### A. Section 2241

Habeas corpus relief is available if a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition is properly brought pursuant to 28 U.S.C. § 2241 where a federal prisoner challenges the execution of their sentence, rather than its imposition. *See Adams v. United States*, 372 F.3d 132, 134-35 (2d Cir. 2004); *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Execution of a sentence includes, among other things, the computation of the sentence; thus, a § 2241 petition is the proper means to challenge said computation. *See Adams*, 372 F.3d at 135 (citing *Nash*, 245 F.3d at 146); *see also Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) (explaining that a petitioner can use § 2241 to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions).

Petitions filed under § 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

Here, petitioner challenges the impact of an allegedly unlawful disciplinary hearing and commenced the instant action while he was incarcerated at FCI-Ray Brook, in the Northern District of New York. Accordingly, a § 2241 petition is the appropriate procedural vehicle to address petitioner's grievances, *see Adams*, 372 F.3d at 135, and petitioner filed suit in the proper court, *see Padilla*, 542 U.S. at 440.[2]

### B.     Jurisdiction

To validly exercise subject matter jurisdiction, "a federal court must have before it an actual controversy at all stages of review." *In re Flanagan*, 503 F.3d 171, 178 (2d Cir. 2007); *see Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the compliant is filed."). If a federal court can no longer grant the relief sought to resolve a controversy, subject matter jurisdiction is lost, and the matter becomes moot. *See Flanagan*, 503 F.3d at 178; *see also Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (finding that if a court cannot grant "any effectual relief whatever to a prevailing party, the appeal must be dismissed") (internal quotation marks omitted); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought

---

[2] Petitioner is no longer incarcerated in the Northern District of New York. *See* Dkt. No. 13. Despite petitioner's transfer to another district, the Northern District of New York still retains jurisdiction over the case. *See Ex parte Endo*, 323 U.S. 283, 307 (1944) (finding that the removal of a petitioner from the jurisdiction in which she properly filed her habeas case "may . . . [not] impair[] or defeat[] . . . the territorial jurisdiction of the District Court"); *Padillia*, 542 U.S. at 440 (finding that, "when the Government moves a habeas petitioner" out of the district in which petitioner properly filed a habeas petition "the [initial] District Court retains jurisdiction").

can no longer be given or is no longer needed.").

Respondent argues the case is moot as the Court can grant no further relief. Resp. at 3. Petitioner disagrees, arguing he is entitled to: (i) transfer back to a "Low" security prison; and (ii) restoration of his custody classification score to 12. Trav. at 2-3.[3] The Court cannot grant petitioner relief for either issue. As such, and as detailed below, the Petition must be dismissed.

      i.      **Transfer**

The Constitution does not "guarantee that [a] convicted prisoner will be placed in any particular prison [and t]he initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Further, prisoners "ha[ve] no due process right to challenge a transfer from one facility to another." *Prins v. Coughlin*, 76 F.3d 504, 507 (2d Cir. 1996) (citing *Meachum*, 427 U.S. at 225); *see also Taylor v. Levesque*, 246 F. App'x 772, 774 (2d Cir. 2007) ("[P]risoners generally have no due process right to challenge their assignment to a particular facility . . . ."); *Ast v. Lovett*, No. 9:21-CV-0567(LEK/TWD), 2022 WL 2063232, at *1 (N.D.N.Y. June 8, 2022) ("[T]he Constitution does not grant inmates a right to be placed in any particular prison," and that "such decisions are not subject to audit under the Due Process Clause."); *Sash v. Laird*, No. 1:06-CV-6052, 2008 WL 2816019, at *1 (E.D.N.Y. July 21, 2008) (finding that "[BOP] . . . has sole discretion to determine the facility in which a federal prisoner should

---

[3] Petitioner does not specifically concede that the other three grounds included in his petition – restoration of his good conduct time and "Low" security classification and expungement of his disciplinary record – are moot. However, petitioner's Traverse solely focuses on the prison transfer and custody classification score issues. Trav. at 2-3. Because it is undisputed that petitioner already received the relief he requested with respect to his good conduct time and "Low" security classification, as well as the disciplinary record expungement issues, and given the limited scope of petitioner's reply, it is reasonable to conclude that petitioner concedes that the aforementioned issues are moot. The Court agrees. Accordingly, those three grounds are dismissed as moot.

be placed[]" and that discretion is "virtually unfettered") (internal quotation marks and citations omitted).

Here, the answer to petitioner's request for a transfer is clear.  "[P]etitioner does not have a right to be relocated and petitioner's confinement to any particular facility is within the sole discretion of the BOP."  *Sash*, 2008 WL 2816019, at *1.  Accordingly, the Court cannot grant petitioner's request for a transfer to a "Low" security prison.

### ii.     Custody Classification Score

Further, "federal prison officials [have] full discretion to control [prisoner classifications] . . . and [prisoners] ha[ve] no legitimate statutory or constitutional entitlement sufficient to invoke due process."  *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *see Pugliese v. Nelson*, 617 F.2d 916, 923 (2d Cir. 1980) ("Under Title 18 U.S.C. [§§] 4081 and 4082 the Attorney General has complete and absolute discretion with respect to . . . [prisoner] classification."); *Taylor*, 246 F. App'x at 774 ("[P]risoners generally do not have a protected liberty interest in classifications . . . ."); *Collins v. Schult*, No. 9:08-CV-1230 (TJM), 2010 WL 411055, at *4 (N.D.N.Y. Jan. 27, 2010) ("It is well-settled that Congress has given federal prison officials full discretion to control prisoner classifications.") (internal quotations marks omitted). Accordingly, petitioner lacks a "protected interest in [his] classification that would invoke due process protections."  *Torres v. Stewart*, 263 F. Supp. 2d 463, 469 (D. Conn. 2003).

Here, petitioner "ha[s] no protected interest in [his] classification [score]."  *Torres*, 263 F. Supp. 2d at 469.  As such, the Court cannot compel BOP to restore petitioner's custody classification score to 12.

### iii.    Atypical and Significant Hardship

A protected due process liberty interest in a petitioner's conditions of confinement can

arise if petitioner can demonstrate that a condition of confinement "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995)[4]; *see Collins*, 2010 WL 411055, at *4 ("[P]risoners . . . do not have constitutionally protected liberty interest under the Federal Constitution in prisoner classifications" absent a showing of "atypical and significant hardship . . . .") (internal quotation marks omitted); *Ast*, 2022 WL 2612647, at *4 (using the "atypical and significant hardship" test to determine if incarceration in a "Medium" security facility gives rise to a protected due process liberty interest).  Thus, the Court can only interfere with BOP's "virtually unfettered" discretion, *Sash*, 2008 WL 2816019, at *1, if a prisoner can show his conditions of confinement impose "atypical and significant hardship," *Collins*, 2010 WL 411055, at *4.

Here, liberally construing the Petition, it appears that petitioner is arguing that his due process rights were violated when he, as a "low security" inmate, was forced to continue remaining placed in a "medium security" facility.  Trav. at 6.  However, outside of a brief mention that his conditions of confinement represent a "security" issue, petitioner made no specific allegations that his classification score of 15 or his incarceration at a "Medium" security facility resulted in significant hardship.  Petitioner's single, conclusory allegation of a "security" issue, without more, fails to demonstrate the "atypical and significant hardship" required to give rise to a liberty interest in his prisoner classification or incarceration at a

---

[4] While *Sandin v. Connor* is an action brought under 42 U.S.C. § 1983, it is well established that the analysis of whether a prisoner has a due process liberty interest is transferable between Section 1983 and habeas actions. *See e.g., Moody*, 429 U.S. at 88 n.9 (relying on Section 1983 analysis in *Meachum v. Fano*, 427 U.S. 215 (1976) to determine that inmates do not have due process right to specific security classification sufficient to support habeas relief); *Collins v. Schult*, No. 08-CV-1230, 2010 WL 411055, at * 4 (N.D.N.Y. Jan. 27, 2010) (applying *Sandin* standard to habeas due process claim).

"Low" security prison.  *See, e.g.*, *Arevalo-Guasco v. Dubois*, 788 F. App'x 25, 26 (2d Cir. 2019) (holding a petitioner's "conclusory allegations [about alleged due process violations] are insufficient to raise a constitutional claim") (citing *United States v. Brennan*, 650 F.3d 65, 137 (2d Cir. 2011) (refusing to consider a due process claim on appeal when there was only a generic statement "that there was a due process violation," without providing any facts or argument in support thereof).

Thus, BOP's decision to deny petitioner a transfer to a "Low" security prison and to keep his classification score at 15 does not constitute a violation of petitioner's protected due process rights.  As such, BOP retains its full discretion to control the petitioner's conditions of confinement, and, accordingly, the Court has no authority to compel BOP to restore petitioner to a "Low" security prison or his classification score to 12.

In sum, the Court cannot grant relief for petitioner's request for a transfer to a "Low" security prison or petitioner's request to restore his custody classification score to 12.  As none of petitioner's relief can be granted by the Court, the Petition is dismissed.

## V.  CONCLUSION[5]

**WHEREFORE**, fore the foregoing reasons, it is hereby

**ORDERED** that the Petition (Dkt. No. 1) is **DENIED AND DISMISSED** in its entirety; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice.

---

[5] Because the Petition was brought under 28 U.S.C. § 2241, a certificate of appealability is not required for Petitioner to appeal.  *See Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999) (holding that the Antiterrorism and Effective Death Penalty Act's certificate of appealability requirement does not apply to § 2241 petitions).

**IT IS SO ORDERED.**

January 30, 2024
Albany, New York

Gary L. Sharpe
U.S. District Judge